IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOE D. MANGRUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:04CV940-M |
| | ) | [WO] |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security,  et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE[1]

This matter is before the court on two of the individual defendants' Motion to Dismiss (Doc. # 16) under rule 12(b)(6) of the Federal Rules of Civil Procedure.  Vincent Intoccia ["Intoccia"] and Peter N. Dowd ["Dowd"] contend that the plaintiff ["Mangrum"] has failed to allege facts giving rise to a claim for which relief can be granted and, in any event, they are cloaked with absolute judicial immunity.  *Id.*  Mangrum has responded – several times – and the court has thoroughly considered all of the parties' relevant submissions.

For the reasons stated herein, the Magistrate Judge recommends that all of Mangrum's claims against Intoccia and Dowd be dismissed with prejudice.  In addition, the court finds that his constitutional claims as well as his challenge to a final decision of the Commissioner

---

[1]Although the docket sheet reflects that this case is assigned to Magistrate Judge McPherson, the record does not include any consents to full disposition by a Magistrate Judge. Moreover, the plaintiff appears pro se, and, based upon this court's policy, is not permitted to consent in the absence of legal advice from a licensed attorney.  The Clerk of the Court is therefore DIRECTED to re-assign this case to a District Judge.

of Social Security ["Commissioner"] should  be dismissed with prejudice.

## I.    FACTS AND PROCEDURAL HISTORY

It must be stated at the outset that, mindful of its limited duty to liberally construe *pro se* pleadings, the court has exceeded the bounds of this duty and has made great efforts to attempt to understand the substance of Mangrum's complaints.  A thorough review of each of Mangrum's 23 filings (as of the date of this Recommendation), in most respects indistinguishable, has prevented the court from drawing many conclusions with certainty  - a somewhat surprising outcome given Mangrum's experience as a *pro se* litigant.  Since 1994, Mangrum has filed 14 civil actions in this court, each of which was dismissed, three of them after the court found that they were frivolous.

If the court's conclusions regarding Mangrum's pleadings fail to comport precisely with Mangrum's grammatically concealed intent, the court makes no apologies.  Without notice, Mangrum failed to appear at a hearing set for 22 July 2005 for the express purpose of clarifying his claims to the court and to the Secretary.  Moreover, Mangrum's responses to this court's orders requiring him to amend his complaint (Docs. # 30, 35) by responding to unambiguous, simply-worded questions appeared, contrary to the court's specific instructions, no different than his pleadings and other filings, which have been variously styled as briefs, memoranda of law and amendments to his complaint.

Having established this foundation of understanding, the court sets forth as follows the factual allegations that could be gleaned from Mangrum's submissions, some of which

may not be relevant to his underlying claims, may seem inconsistent or simply may not make sense, even to the parties:[2]

- Mangrum was convicted of assault in 1987 (Doc. # 48, pp. 4-5).

- He was originally approved for Social Security disability benefits in 1993 (Doc. # 8, p. 3).

- His benefits were suspended in January of 1994 without a hearing (Doc. # 8, p. 4), and the Commissioner garnished $1,094 as part of an effort to collect $ 7,935 in overpayments (Docs. # 8, p. 4; 19, p. 3).

- All or a portion of his subsequent benefits checks were withheld for a period of 39 months for the purpose of collecting the overpayment (Doc. # 20, p. 2).[3]

- He did not receive an increase in benefits, to which he was entitled, in 1995 and 1996 (Doc. # 3, p. 2).

- The State agency responsible for administering his Medicaid benefits failed to pay for his prescription medication from December 1993 to January 2002

---

[2]Because Mangrum has been afforded ample opportunities to clarify his claims, however, any objections he asserts to this Recommendation because of alleged variances between its interpretation of his claims and his "actual" claims, positions, or arguments should be overruled. It is specifically the policy of this court to extend to pro se plaintiffs expanded latitude in the assertion of their claims, consistent with the Eleventh Circuit's requirement that Courts construe pro se filings liberally.  *Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000).  Thus, Mangrum's failure to avail himself of the court's entreaties to explain his claims before the Recommendation was entered is not a legitimate basis for complaining about misinterpretations thereafter.

[3]In one of his submissions, Mangrum states that the Social Security Administration ["SSA"] withheld only $200 per month (Doc. # 8, p. 4).

(Docs. # 3, p. 3; 36, p. 2)

In addition, he complains generally about an underlying opinion issued by Intoccia, who is an administrative law judge with the SSA, and a SSA Appeals Council ["AC"] decision (via Dowd) not to review Intoccia's opinion (Docs. # 3, pp. 1-2; 19, p. 2; 40, pp. 3-4; 45, pp. 1-3). Furthermore, he contends, in conclusory fashion, that the SSA's actions were discriminatory.

Mangrum claims that his due process and equal protection rights consequently have been violated. (Docs. # 1, 3, 8, 14, 18, 19, 20, 21, 23, 24, 26, 27, 29, 36, 38, 39, 40, 41, 45-49). He also contends that Intoccia's opinion is not supported by substantial evidence (Doc. # 21, p. 4).

This opinion addresses the motion to dismiss and finds that Mangrum has failed to state a claim upon which relief can be granted. The court therefore does not reach the question of absolute immunity, but it does address the remainder of Mangrum's claims and finds that they, too, should be dismissed with prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(i).

## II.    DISCUSSION

### A.    *Claims Against the Judges*

In reviewing Mangrum's claim against Intoccia and Dowd for purposes of deciding whether to grant dismissal for failure to state a claim upon which relief could be granted, FED. R. CIV. P. 12(b)(6), the court is required to accept all of Mangrum's well-pleaded factual

allegations as true and to construe the allegations in the light most favorable to him. ***Swanson v. Pitt***, 330 F. Supp. 2d 1269, 1273 (M.D. Ala. 2004) (citing ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984); ***Jackson v. Birminham Bd. of Educ.***, 309 F.3d 1333, 1335 (11th Cir. 2002)).   The court "may not [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him . . . to relief." ***Wright v. Newsome***, 795 F.2d 964, 967 (11th Cir. 1986) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21).

While the court stops short of finding that any of Mangrum's allegations are well-pleaded, his comprehensible allegations against Intoccia and Dowd lack any semblance of substance and amount to nothing more than an unexplained disagreement with decisions they made in carrying out their duties for the SSA.   In other words, Mangrum has alleged no wrongdoing by them, either in their official or individual capacities, and, consequently, he has failed to state a claim upon which relief could be granted.   His claims against Intoccia and Dowd should therefore be dismissed, and dismissal should be with prejudice. *See **Welch v. Laney***, 57 F.3d 1004, 1009 (11th Cir. 1995) (affirming dismissal with prejudice when plaintiff had been given multiple opportunities to amend her complaint and she had failed to do so); ***Friedlander v. Nims***, 755 F.2d 810, 813 (11th Cir. 1985) (stating that dismissal for failure to state a claim is "justified when a party chooses to disregard the sound and proper directions of the district court").[4]

_____

[4]In its second order requiring Mangrum to amend his complaint, the court specifically warned him of the danger that "failure to comply with this order could lead to a recommendation

5

**B.     Equal Protection**

Mangrum generally alleges that the SSA's actions in this case were discriminatory. Although he does not specifically state the grounds upon which he believes he was discriminated, his various attempted citations suggest he is claiming race, age and disability discrimination.  Regardless of his supposed grounds, he alleges no facts that would give rise to a claim of discrimination of any type.

Having allowed Mangrum broad latitude and numerous opportunities to clarify his claims, the court finds that it would be futile to allow Mangrum to amend his complaint further and recommends that his equal protection claims be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).  *See, e.g.*, ***Jenkins v. Clerk of Court, U.S. Dist. Court, So. Dist. of Fla.***, No. 05-10134, 2005 WL 2697282, * 1 (11th Cir. Oct. 21, 2005) (affirming dismissal on grounds that the plaintiff's claims, which did not allege legal wrongdoing, were frivolous); ***Bilal v. Driver***, 251 F.3d 1346, 1349 (11th Cir. 2001) ("A claim is frivolous if it is without arguable merit either in law or fact."); ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff has little or no chance of success." (internal quotations omitted)); *see also* ***Welch***, 57 F.3d at 1009 (addressing dismissal "with prejudice").

**C.     Due Process**

that his lawsuit be dismissed" (Doc. # 35, p. 2).

Mangrum also contends that the SSA violated his due process rights when it began deducting funds from his monthly benefits to collect for payments erroneously made while Mangrum was incarcerated.  In addition, he claims that he did not receive increases in benefits in 1995 and 1996 that were due to him and that the government failed to pay for his prescription medication from December 1993 to January 2002. .

An *in forma pauperis* complaint should be dismissed as frivolous when it appears "beyond a doubt from the complaint itself that [the plaintiff] can prove no set of facts which would avoid a statute of limitations bar."  ***Hughes v. Lott***, 350 F.3d 1157 (11th Cir. 2003) (quoting ***Leal v. Ga. Dep't of Corr.***, 254 F.3d 1276, 1280 (11th Cir. 2001)).  In cases brought against federal government agencies and officials pursuant to ***Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics***, 403 U.S. 388 (1971), the state statute of limitations that applies to actions brought under 42 U.S.C. § 1983 (2000) governs.  ***Kelly v. Serna***, 87 F.3d 1235, 1238 (11th Cir. 1996).

A two-year limitation applies to actions brought in Alabama under section 1983. ALA. CODE § 6-2-38(*l*) (1993 & 2004 supp.) (setting a two-year limitation on personal injury actions).  *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that section 1983 actions are limited in accordance with the relevant state's statute of limitations for general personal injury actions); ***Hughes***, 350 F.3d at 1163 (noting the applicable limitations period in Alabama and holding that the district court did not abuse its discretion in dismissing as frivolous a complaint that was time-barred); ***Lufkin v. McCallum***, 956 F.2d 1104, 1105-06 (11th Cir. 1992) (discussing  the Alabama limitation for section 1983 actions).

The most recent of Mangrum's factual allegations occurred in 1996, when he allegedly did not receive an increase in benefits to which he claims he was entitled. Approximately eight years has since passed, and his numerous submissions make clear that he will be unable to prove any facts that would allow him to escape the time bar. Therefore, his due process claims, or, more accurately, all of the due process claims he arguably alleged, should be dismissed with prejudice.

**D.     *The Commissioner's Decision***

On 9 July 2004, a Social Security Administration ["SSA"] administrative law judge ["ALJ"] conducted a hearing on Mangrum's complaints that his Primary Insurance Amount ["PIA"] was incorrect. The ALJ issued an opinion finding no error had been committed, and the SSA's appeals council denied Mangrum's request for review  (Docs. # 1, pp. 15-29). Thus, the ALJ's opinion became the final decision of the Commissioner, and Mangrum filed this timely lawsuit in accordance with 42 U.S.C. § 405(g) (2000), which provides for judicial review of such decisions.

However, Mangrum fails to offer any factual or legal basis for a claim that the decision was erroneous. He asserts simply that the average recipient of disability benefits receives more than the amount he receives. Essentially he is asking this court to review the opinion for errors. Because he has alleged no grounds for challenging the ALJ's decision in any of his filings and he has failed to amend his complaint in accordance with the court's instructions, his challenge to the Commissioner's decision should be dismissed with

prejudice on the grounds that it is frivolous under 28 U.S.C. § 1915(e)(2)(B)(I).

### III.   CONCLUSION

Therefore, it is the RECOMMENDATION of the Magistrate Judge that Mangrum's complaints against the individual defendants in their individual and official capacities be DISMISSED with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Magistrate Judge further RECOMMENDS that all remaining claims be DISMISSED with prejudice as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B)(I). It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before 18 January 2006.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. ***Nettles v. Wainwright***, 677 F.2d 404 (5th Cir. 1982).  *See **Stein v. Reynolds Securities, Inc.***, 667 F.2d 33 (11th Cir. 1982).  *See also **Bonner v. City of***

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on 30 September 1981).

DONE this 4th day of January, 2006.


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE